IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WHITE,

        Plaintiff,

    vs.

(FNU) GOFF, et al.,

        Defendants.

CIVIL ACTION
No. 07-3311-SAC

**MEMORANDUM AND ORDER**

This matter comes before the court on the motions to dismiss filed by defendants Cline (Doc. 105) and Goff (Doc. 109), and a motion to dismiss, or, alternatively, for summary judgment filed by defendants Bumguardner and Kepka (Doc. 107).

Plaintiff commenced this action pursuant to 42 U.S.C. §1983 while incarcerated in state custody. He proceeds pro se and in forma pauperis.

**Background**

Plaintiff's initial complaint named Dr. Kepka and Dr. Goff as defendants and alleged inadequate medical treatment at the Saline County Jail, the Larned Correctional Mental Health Facility (LCMHF), and the Hutchinson Correctional Facility (HCF).

Thereafter, plaintiff sought leave to amend the complaint and was allowed to do so. He filed an amended complaint (Doc. 19) within the time allowed by the court.

In the amended complaint, plaintiff sued Dr. Kepka and Dr. Bumguardner, alleging essentially the same facts but with no mention of Dr. Goff. In the amended complaint, plaintiff asserts claims arising under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act.

**Claims against Dr. Kepka**

Dr. Kepka is a physician who contracts with Correct Care Solutions to provide medical services to prisoners at the Hutchinson Correctional Facility.

Plaintiff's claims against Dr. Kepka assert he treated plaintiff at the Saline County Jail on March 2, 2007. Plaintiff states he suffers from a number of health conditions, including arteriosclerosis, liver disease, elevated cholesterol, herniated disks, and brain damage. Prior to his incarceration, plaintiff had been treated by physicians in Salina, Kansas; Waco, Texas; and St. Joseph, Missouri. He states he is unable to tolerate medication containing Tylenol or Advil.

Plaintiff claims Dr. Kepka treated him with steroids at the Saline County Jail.

Elsewhere, he complains a nurse at the El Dorado Correctional Facility provided him medication that caused him to suffer dizziness and leg pain and resulted in a fall down a flight of stairs and a shoulder injury. Plaintiff's medication was changed after this to alleviate dizziness.

In June 2007, plaintiff was transferred to the Larned Correctional Mental Health Facility (LCMHF). He states that while there, he was required to choose between participation in an experimental drug program by a health care provider, R. Pitts. He states Pitts did not accept plaintiff's description of his medical history, did not issue him a cane, and removed him from all medication except Novain.

However, plaintiff also claims Pitts prescribed Tylenol, which he declined. He states that on the second day of using Novain, he suffered dizziness and blindness, which he immediately reported to staff. Plaintiff was seen by medical staff and told he would see a doctor, but he did not. Rather, Pitts signed plaintiff's medical slip and advised him to continue taking Novain and Tylenol. Plaintiff discontinued Novain, became dizzy, and fell, injuring his shoulder.

Plaintiff submitted more medical slips complaining of blindness, vertigo, and back pain. He continued to receive instructions to take Novain and Tylenol.

In July 2007, plaintiff's condition improved. He saw Dr. Kepka and recognized him from earlier treatment he received in the Saline County Jail. Dr. Kepka recommended medications of Bachlophen, Anti-vert, and Vicodin; however, plaintiff refused Vicodin because it contains Tylenol. Dr. Kepka provided a cane but no additional treatment. Within two weeks, plaintiff began to suffer from periodic blindness and dizziness. His medical slips were answered with "no abnormalities found".

Plaintiff claims Dr. Kepka violated his rights by failing to provide him with adequate medical treatment at the Saline County Jail between March and April 2007. He also alleges he received inadequate medical care from Dr. Kepka between June and September 2007 while incarcerated in the Larned Correctional Mental Health Facility.

**Claims against Dr. Bumguardner**

Dr. Bumguardner is a physician who contracts with Correct Care Solutions to provide medical services at the Hutchinson Correctional Facility.

Plaintiff was transferred to the Hutchinson Correctional Facility in early September 2007. While incarcerated there, he received treatment from Dr. Bumguardner. He claims Dr. Bumguardner examined his back and attempted spinal manipulation on plaintiff's slipped discs. He also alleges Dr. Bumguardner

4

prescribed Tylenol and ibuprofen and told plaintiff that his pain and suffering were part of his sentence and that treating him would be a waste of money because he was terminal.[1] Dr. Bumguardner scheduled plaintiff for appointments every four weeks. Plaintiff sometimes waited for three hours and then was told he would not see the doctor that day.

Plaintiff alleges Dr. Bumguardner violated his rights under the Eighth Amendment by failing to provide adequate medical care, including the failure to offer alternative treatment or medications, by exposing plaintiff to toxic substances, and by refusing to treat his back and shoulder injuries. He also alleges he was subjected to discrimination by Dr. Bumguardner.

**Claims against defendant Goff**

Defendant Goff is employed by Correct Care Solutions as an Advanced Registered Nurse Practitioner (ARNP). The original complaint in this matter asserted claims against defendant Goff and identified him as "Dr. Goff". However, the amended complaint filed by plaintiff asserts the same claims against Dr. Bumguardner and omits any reference to defendant Goff.

---

[1] Dr. Bumguardner categoricallly denies that he told plaintiff that pain and suffering were part of his sentence, that he told plaintiff that he was terminally ill, and that he told plaintiff it would be a waste of money to treat him. (Doc. 108, pp. 18-19, ¶¶ j.-k.)

**Discussion**

**Standard of review**

In considering a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss should be granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Under *Twombly*, a complaint must present enough "facts to state a claim to relief that is plausible on its face" and its allegations of fact "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. The Supreme Court has announced that the *Twombly* decision "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, ---- (2009).

In considering whether to enter a dismissal, the court accepts the well-pleaded allegations as true, even if the are doubtful in fact, and construes the allegations in the light most favorable to the plaintiff. *Twombley,* 550 U.S. at 555.

However, a plaintiff's conclusory allegations need not be accepted as true and are insufficient to state a claim for relief. *Erikson v. Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**Motion to dismiss by Defendant Goff (Doc. 109)**

Defendant Goff seeks dismissal on the ground that plaintiff's amended complaint does not name him as a defendant and does not allege any acts or personal participation by him.[2]

Plaintiff filed a single response to all three motions to dismiss (Doc. 111). He does not specifically respond to the argument that he fails to state any claim against defendant Goff in the amended complaint. Rather, he states that defendants and others caused him irreparable injury by failing to provide medical assistance and by pursuing an ineffective course of

---

[2]

The *Martinez* report filed by the Kansas Department of Corrections (Doc. 100) states that in plaintiff's initial complaint, he sued defendant "Dr. Goff" on claims arising from medical care provided at the Hutchinson Correctional Facility, while the amended complaint states the same claims against Dr. Bumguardner and omits any reference to "Dr. Goff." The report speculates plaintiff misidentified the treating physician as Dr. Goff and corrected the name of that person in the amended complaint. Mr. Goff provided a statement explaining that he is an ARNP and has been employed by Correct Care Solutions since July 1991. In that capacity, he saw plaintiff between 2007 and 2009 at sick calls at the Hutchinson Correctional Facility. (Doc. 100, Ex. 4.)

7

treatment.

It is settled that an "amended complaint supersedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir. 2007)(internal quotations omitted).

Likewise, it is well established that the personal participation of each named defendant is an essential allegation in a civil rights action. *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To adequately provide fair notice and present a plausible right to relief, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her...." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008)(citing *Twombly*, 127 S.Ct. at 1970-71 n. 10).

Because the amended complaint neither names defendant Goff as a defendant nor identifies any act or omission by him, the court grants his motion for dismissal.

**Motion to dismiss by Defendant Cline (Doc. 105).**

Plaintiff claims defendant Cline, Warden of the Hutchinson Correctional Facility, created policies for medical staff that violated his rights under the Eighth Amendment. He also claims defendant Cline ignored and failed to act to alleviate his

physical deterioration, torture, and constant pain.

In support of the motion to dismiss, defendant Cline points out that after plaintiff filed the amended complaint (Doc. 19), he filed a motion for leave to file an amendment (Doc. 28) to add defendant Cline. The court granted that motion (Doc. 32), but plaintiff did not file any additional amendment. Thus, the claims against defendant Cline appear in the motion to amend and consist of the bare assertions that the defendant promulgated policies that violated the Eighth Amendment and that he ignored plaintiff's health conditions and pain.

Defendant Cline seeks dismissal, claiming first, that because plaintiff failed to file a second amended complaint, the amended complaint is the controlling pleading in this matter and it fails to state a claim because it contains no allegations against him. Next, Cline argues that if the court interprets the assertions in the motion to amend to state claims against him, the claims fail as vague and conclusory. Cline points out that plaintiff has failed to specifically identify any particular policy or to explain how any policy violated his rights. Likewise, Cline argues, plaintiff fails to allege how defendant Cline had personal knowledge or any personal participation in any alleged violation of his rights. Finally, defendant Cline argues that plaintiff received medical attention while incarcer-

9

ated,[3] a fact that would contravene an allegation of deliberate indifference.

As noted, plaintiff filed a single response to the motions to dismiss in which he broadly claims defendants are not entitled to dismissal because they caused him harm and irreparable injury (Doc. 111).

Under the *Twombly* standard, a plaintiff has the burden to present a claim for relief that is supported by "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (a complaint must present more than a bare statement "of the elements of a cause of action, supported by mere conclusory statements").

Here, plaintiff has failed to provide the necessary detail to support his claims against defendant Cline after being given leave to amend the complaint, and his response to the motion to dismiss contains no more than bare assertions that all defen-

---

[3]

In support, Cline points to the statement of the United States Court of Appeals for the Tenth Circuit in its order dismissing plaintiff's appeal from this court's denial of motions for preliminary injunctive relief. *See* Doc. 72, p. 6 ("...as the district court found, the record shows White is receiving medical treatment from Defendants. He appears to simply disagree with the course of his treatment.")

dants caused him harm. The court concludes plaintiff has failed to provide any support for his claims against defendant Cline and will grant his motion to dismiss.

**Motion to dismiss or, in the alternative, for summary judgment by defendants Kepka and Bumguardner (Doc. 107).**

Defendants Kepka and Bumguardner move for dismissal, or, in the alternative, for summary judgment.

**Plaintiff's Eighth Amendment claim**

Because the court has considered the material attached to the *Martinez* report, including affidavits and medical records, in evaluating the plaintiff's Eighth Amendment claim, it decides the motion under the request for summary judgment contained therein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010)(district court's dismissal under Rule 12(b)(6) of a prisoner's complaint filed pro se characterized as "irregular" where court had not limited its review to the complaint).

Summary judgment is appropriate if the pleadings, discovery material, and admissions on file, together with any affidavits, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing

11

law." *Liberty Lobby,* 477 U.S. at 248.

The moving party has the initial burden of pointing out the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the opposing party to show the existence of a genuine issue for trial.

The Court draws all reasonable inferences in a light most favorable to the party opposing summary judgment. *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009). However, once the moving party has met its burden, the nonmoving party must come forward with sufficient, competent evidence to establish the existence of a genuine factual issue. *Bacchus Indus., Inc. v. Arvin Indus., Inc*., 939 F.2d 887, 891 (10th Cir. 1991).

The gravamen of plaintiff's Eighth Amendment claim against these defendants is his assertion that his right to be free from cruel and unusual punishment was violated by their failure to provide adequate medical care.

Prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). The analysis of an Eighth

Amendment claim includes both objective and subjective components. *Wilson v. Seiter,* 501 U.S. 294, 298-99 (1991).

Under the objective component, the court must consider whether a plaintiff has been denied a basic human need. Only a denial of "the minimal civilized measure of life's necessities" is sufficient to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992)(citations omitted). "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment ... or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'" *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component, the court must determine whether the defendants acted with deliberate indifference to a risk to the prisoner's well-being. *See id.* This element is established by showing that defendants both knew of and disregarded an excessive risk to a prisoner's health or safety. *Farmer,* 511 U.S. at 837.

Thus, under the deliberate indifference standard, "a complaint that a physician has been negligent in ... treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble,*

13

429 U.S. 97, 106 (1976). Likewise, "a mere difference of opinion between the prison's medical staff and the inmate as to the ... treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980). Finally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.

As set out, throughout his incarceration, plaintiff suffered from a number of serious medical conditions that required medical treatment. However, it is apparent from the *Martinez* report[4] and the materials supporting it that plaintiff received an extensive, ongoing course of medical care both in response to his requests for medical attention and to address the chronic nature of many of his health concerns. It is clear that plaintiff sometimes did not receive the specific type of medication he sought and that he was often dissatisfied with the medical attention provided and noncompliant with the medical

---

[4]

*See Martinez v. Aaron*, 570 F.3d 317 (10th Cir. 1978)(per curiam)(allowing preparation of an investigative report by state prison officials for use in a § 1983 action filed in federal court). *See also Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (stating the *Martinez* "process is designed to aid the court in fleshing out possible legal bases of relief from unartfully drawn pro se prisoner complaints, not to resolve material factual issues").

14

advice he received. However, plaintiff's disagreement with the care offered does not establish that he was denied constitutionally adequate medical care. Because it is plain from the record that plaintiff received ongoing medical attention, the court will grant summary judgment to defendants Kepka and Bumguardner on the Eighth Amendment claim.

**Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act**

The amended complaint identifies the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794a, as bases for the claims asserted. (Doc. 19, p. 1, par. 1.) Neither the complaint nor the supporting memorandum describe any specific events as violating the ADA or Rehabilitation Act, nor does plaintiff's response to the motion to dismiss provide any specific information.

Disabled persons are entitled to reasonable accommodation during incarceration. *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1198 (10th Cir. 2007). Relevant to this action, Title II of the ADA prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 28 U.S.C. §12132.

Likewise, section 794 of the Rehabilitation Act prohibits discrimination against an individual with disabilities by the recipient of federal financial assistance and creates a private right of action in favor of such an individual injured by a violation. 29 U.S.C. § 794.

However, the ADA does not establish a federal cause of action to challenge medical treatment provided to a prisoner. *See Moore v. Prison Health Services, Inc.,* 24 F.Supp.2d 1164, 1168 (D.Kan. 1998)("Plaintiff's claim under the ADA is no more than a challenge to his medical care and therefore fails to state a claim for relief.") *See also Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir.2005)(Medical decisions not ordinarily within scope of ADA or RA). Thus, to the extent plaintiff challenges the adequacy of the medical care he received under the ADA and the Rehabilitation Act, the court find he states no claim for relief. Next, while plaintiff argues that he suffered discrimination, the court finds no support for such a claim and will grant the motion for summary judgment.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss of defendant Cline (Doc. 105) is granted.

IT IS FURTHER ORDERED the motion to dismiss, or, in the alternative, for summary judgment of defendants Bumguardner and Kepka (Doc. 107) is granted.

IT IS FURTHER ORDERED the motion to dismiss of defendant Goff (Doc. 109) is granted.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 11th day of February, 2011.

```
                            S/ Sam A. Crow
                            SAM A. CROW
                            United States Senior District Judge
```